Form: Dismiss TRAP 42.2 Appellant's Motion






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



HBC LAND LIMITED PARTNERSHIP, a
Texas Limited Partnership, and, K.
DOUGLAS WRIGHT,

                            Appellants,

v.

THE CITY OF EL PASO, TEXAS,
TROPICANA DEVELOPMENT, INC., and
EPT LAND ASSETS, L.P.,

                            Appellees.

§

§

§

§

§

§

§

No. 08-06-00259-CV

Appeal from the

171st Judicial District Court, 

El Paso County, Texas 

TC# 2006-429





M E M O R A N D U M O P I N I O N

            Appellee EPT Land Assets, L.P. has filed a “Motion for Clarification of Partial
Dismissal,” asking the Court to clarify our November 16, 2006 opinion and judgment, in which
the Court dismissed the claims against Appellee EPT Land Assets, L.P. and dismissed Appellee
EPT Land Assets, L.P. as a party from the pending appeal. We grant Appellee EPT Land Assets,
L.P.’s motion for clarification. We withdraw our opinion and judgment dated November 16,
2006 and substitute the following opinion to clarify the issue raised by Appellee EPT Land
Assets, L.P. in its motion.
            Pending before the Court is the Appellants’ motion to dismiss their appeal against
Appellee EPT Land Assets, L.P. only and to dismiss Appellee EPT Land Assets, L.P. only from
the appeal. Texas Rule of Appellate Procedure 42.1(a)(1) states:
(a)On Motion or By Agreement. The appellate court may dispose of an
appeal as follows:
 
(1)On Motion of Appellant. In accordance with a motion of
appellant, the court may dismiss the appeal or affirm the appealed
judgment or order unless disposition would prevent a party from
seeking relief to which it would otherwise be entitled.

Tex.R.App.P. 42.1(a)(1).
            Appellants have complied with the requirements of Rule 42.1(a)(1). Appellants request
their claims against Appellee EPT Land Assets, L.P. only be dismissed from the appeal with
prejudice to the rights of Appellants to re-file same or any part thereof and that each of the parties
hereto go forth bearing its own costs. Appellants also state, “This motion relates only to
Appellants’ appeal against EPT Land Assets and/or the transactions by which EPT Land Assets,
L.P. acquired title to Parcels C and D referenced in Appellants’ petition in the trial court.” 
[Emphasis added]. Appellee EPT Land Assets, L.P. has indicated its agreement to the filing of
this motion.
            It is unclear from Appellants’ motion how the motion relates to “the transactions by
which EPT Land Assets, L.P. acquired title to Parcels C and D” or how Appellants’ claims
against Appellee EPT Land Assets, L.P. in the underlying cause relate to the transactions by
which EPT Land Assets, L.P. acquired title to Parcels C and D. Therefore, we decline to hold
broadly that by dismissing Appellants’ claims against EPT Land Assets, L.P. and dismissing EPT
Land Assets, L.P. as a party, we are also dismissing the Appellants’ challenges to the transactions
by which EPT Land Assets acquired title to Parcels C and D from the City. Therefore, we
dismiss the Appellants’ claims against Appellee EPT Land Assets, L.P. ONLY with prejudice
and Appellee EPT Land Assets, L.P. ONLY is dismissed from the appeal. For clarification
purposes, to the extent that Appellants’ claims against Appellee EPT Land Assets, L.P. in the
underlying cause are the same as Appellants’ challenges to the transactions by which EPT Land
Assets, L.P. acquired title to Parcels C and D from the City, those challenges are likewise
dismissed from the appeal. The other parties and claims remain pending in this appeal.


January 11, 2007
                                                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.